BIBBER–WHITE CO. v. WHITE RIVER VAL. ELECTRIC R. CO.

(Circuit Court, D. Vermont. September 3, 1901.)

SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE.

An oral agreement with the receivers of an unfinished railroad to furnish the money required to complete the same for receivers' certificates and other securities as collateral is not such a definite and precise contract as to warrant a decree or order for its specific performance.

In Equity. On petition by receivers. See 107 Fed. 176.

Chas. M. Bruce, for receivers.
Eleazer L. Waterman, for Williams.

WHEELER, District Judge. This cause has now been heard upon a petition of a receiver for an order to compel Samuel Williams, a party to the cause, to furnish money for the further completion of the road, pursuant to an alleged agreement. There is no contract signed by the petitionee, and the making of such an agreement is disputed. The evidence seems to fairly show that he gave the receivers to understand that, for receivers' certificates delivered and subsidies assigned for security, he would furnish money for the purpose mentioned, which he has since refused to furnish. But this is not such a definite and precise contract as will warrant a decree or order for specific performance. The rights of the parties must be wrought out, or the consequences of the failure to perform be suffered otherwise. The petition is accompanied by a motion for a temporary injunction against transfer of the securities. The receiv-

ers appear to be entitled to such an injunction, although it may not be actually necessary.

Motion for injunction granted. Petition for specific performance denied.